73,015-13

NO. 73.015-13
(98576-F)

EX PARTE

WILLIE HENRY III

MOTION DENIED
DATE: 1/22/15
BY: PC

IN THE 252nd
DISTRICT COURT
JEFFERSON COUNTY, TX.

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 20 2015

Abel Acosta, Clerk

MOTION FOR LEAVE TO FILE
OBJECTION RESPONSE TO TRIAL
COURT RECOMMENDATION TO DISMISS

TO HONORABLE JUDGES OF COURT OF CRIMINAL APPEALS:

I WILLIE HENRY III FILES PRO SE. THIS MOTION FOR LEAVE TO OBJECT TO THE TRIAL COURT RECOMMENDATION TO DISMISS WR. 73,015-13. THE TRIAL COURT IS ASKING THIS HONORABLE COURT TO IGNORE C.C.P. § 11.07 SECTION 4 (a)(2) and additionally ASKING THIS COURT TO HOLD A A DIFFERENT OPINION THAT IT HELD IN EX PARTE BROOKS, 219 S.W. 3d 396, 400. WHERE A MISCARRIAGE OF JUSTICE PROVIDES AUTHORITY TO REVIEW. THE STATE ALSO REQUEST THAT THIS HONORABLE COURT TO REFUSE A REVIEW ON A VOID CONVICTION, WHICH CAN BE RAISED AT ANY TIME.

IN ESSENCE, THE STATE IS ASKING THIS HONORABLE COURT TO BYPASS LAW AND TO BAR A SUBSTANTIVE DUE PROCESS CLAIM.

Respectfully,
Willie Henry III
PRO SE

1-12-14

## PRAYER

WHEREFORE PREMISES CONSIDERED, APPLICANT RESPECTFULLY PRAYS THAT THIS HONORABLE COURT GRANT THIS MOTION FOR LEAVE TO INCLUDE HIS OBJECTIONS RESPONDING TO THE STATE'S RECOMMENDATION TO DISMISS WR. NO. 73,015-13.

Willie Henry III
PRO SE

1-12-14
DATE

## CERTIFICATE OF SERVICE

I WILLIE HENRY III, DOES HEREBY CERTIFY THAT A TRUE AND CORRECT COPY HAS BEEN SERVED BY U.S. POSTAL SERVICE, TO THE DISTRICT ATTORNEY at THE FOLLING ADDRESS ON THIS THE 12th DAY OF JANUARY, 2015.

1001 PEARL ST.
BEAUMONT. TX. 77701

Willie Henry III
PRO SE

1-12-14
DATE

NO. 73,015-13
(98575-F)

EX PARTE
WILLIE HENRY

IN THE 252nd
DISTRICT COURT
JEFFERON COUNTY, TX

OBJECTION RESPONSE TO TRIAL
COURT'S RECOMMENDATION TO DISMISS

ON NOVEMBER 20th 2014, APPLICANT MAILED TO THE TRIAL COURT, A SUBSEQUENT APPLICATION FOR WRIT OF HABEAS CORPUS FROM CONVICTION 98575. WITH THE PRO SE APPLICATION, THEREIN INCLUDED THE MOTION TO FILE A SUBSEQUENT WRIT UNDER 11.07 Sec. 4(a)(2), AFFIDAVITS TO SUPPORT WRIT, AND A MEMORANDUM TO SHOW THROUGH CASE LAW WHY THE WRIT CAN BE REVIEWED. (ACCORDING TO THE COURT OF CRIMINAL APPEALS) APPLICANT'S 98575-B;C;D;E WERE DISMISSED WITHOUT PREJUDICE AND WITHOUT REVIEW ON THE MERITS.

THE STATE CLAIMS THAT IT DID NOT RECEIVE THE WRIT UNTIL DECEMBER 5th, 2014.

1. THE STATE CLAIMS THAT THE APPLICATION IS FRIVOLOUS EVEN THOUGH IT WAS SHOWN THAT THERE IS NO EVIDENCE OF THE ELEMENT OF SERIOUS BODILY INJURY AS REQUIRED BY LAW TO SUSTAIN THE CONVICTION. THAT THE DOCUMENTS ENTERED AS EVIDENCE FAILED TO INCLUDE THE NECESSARY ELEMENT.

2. THE CONVICTION IS WHOLLY BASED ON AN INVOLUNTARY PLEA AND WAIVERS WHICH WERE INVOLUNTARY VIOLATING THE U.S.C.A. AMEND. 5

3. THE CONVICTION IS VOID BECAUSE THE WAIVER TO A JURY TRIAL WAS INVOLUNTARY AND THE COURT WAS AWARE OF SUCH. A VOID CONVICTION CAN BE RAISED AT ANY TIME.

-1-

# CONCLUSIONS

THE COURT OF CRIMINAL APPEALS OF TEXAS HAS CLEARLY STATED THAT "THE PURPOSE OF THE SUBSEQUENT-WRIT PROVISIONS IS TO PROVIDE REVIEW ONLY IN THOSE CASES WHERE THE LEGAL BASIS FOR THE CLAIM WAS PREVIOUSLY UNAVAILABLE, (OR) TO REMEDY A 'MISCARRIAGE OF JUSTICE.'" "LIMITING SECTION 4(a)(2) TO REVIEW ONLY THOSE APPLICATIONS CONTAINING PRIMA FACIE CLAIMS OF ACTUAL INNOCENCE PREVENTS ABUSE OF THE WRIT..." EX PARTE BROOKS, 219 S.W. 3d 396, 400

APPLICANT HAS MADE THE PRIMA FACIE CLAIM OF ACTUAL INNOCENCE AND HAS SHOWN THAT A MISCARRIAGE OF JUSTICE HAS OCCURRED.

MISCARRIAGE OF JUSTICE HAS BEEN DEFINED AS "A GROSSLY UNFAIR OUTCOME IN A JUDICIAL PROCEEDING, AS WHEN A DEFENDANT IS CONVICTED DESPITE A LACK OF EVIDENCE ON AN ESSENTIAL ELEMENT OF CRIME." BLACK'S LAW DICTIONARY 9th EDITION

IN THE PRESENT CASE, THAT IS EXACTLY WHAT HAS HAPPENED. NO EVIDENCE OF S.B.I. WAS PRESENTED. BECAUSE THE PLEA PAPERS CONTAINED NO SUCH EVIDENCE AND APPLICANT WAS NOT GIVEN TRUE NOTICE, THOSE DOCUMENTS DO NOT SUPPORT THE PLEA AND CONVICTION. C.C.P. ART. 1.15 SEE: U.S. V. ABERNATHY, 83 F. 3d 17, 19 (FAILURE TO APPRISE OF ELEMENTS) WILLIAMS V. STATE, 696 S.W. 2d 896, 898

A CONVICTION IS VOID WHEN IT "IS OBTAINED IN VIOLATION OF DUE PROCESS... FOR WANT OF JURISDICTION OF THE COURT TO ENTER SUCH JUDGMENT." FAY V. NOIA, 372 U.S. 391, 83 S. CT. 822 APPLICANT'S CONVICTION SHOULD BE VOID BECAUSE HE WAS FORCED TO IVOLUNTARILY GIVE UP HIS RIGHT TO A TRIAL BY JURY, (A SUBSTANTIAL RIGHT) WHICH MADE THE TRIAL BY JUDGE A VERY UNRELIABLE OUTCOME. IN EFFECT, STRUCTURAL ERROR. SEE: VASQUEZ, 140 S.W. 3d 758 (2004 14th COA); ARIZONA V. FULMINANTE, ___ U.S. ___, 111 S. CT. 1246

THIS HONORABLE COURT HAS THE AUTHORITY TO REVIEW THE SUBSEQUENT APPLICATION UNDER SEC. 4(a)(2) DUE TO ACTUAL INNOCENCE CLAIM, MISCARRIAGE OF JUSTICE, AND CONVICTION IS VOID AND VIOLATES DUE PROCESS.

## PRAYER

WHEREFORE PREMISES CONSIDERED, PRO SE APPLICANT, PRAYS THAT THIS HONORABLE COURT GRANTS REVIEW OF 73,015-13 AND GRANT ALL RELIEF WHICH APPLICANT IS ENTITLED UNDER LAW.

## CERTIFICATE

I WILLIE HENRY, III, HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING HAS BEEN MAILED BY U.S. POSTAL SERVICE TO THE DISTRICT ATTORNEY AT THE FOLLOWING ADDRESS ON THIS THE 12th, DAY OF JANUARY, 2015.

1001 PEARL ST.
BEAUMONT, TX, 77701

Respectfully Submitted,

Willie Henry III
Pro SE
1-12-14